**Shuli DUAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75395.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Jan. 3, 2008.

Patricia Vargas, Esq., Vargas & Associates, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

### MEMORANDUM **

Shuli Duan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003). We dismiss the petition in part and deny the petition in part.

We dismiss Duan's asylum claim, because he failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

Substantial evidence supports the IJ's and BIA's denial of withholding of removal based on an adverse credibility finding. The IJ's negative assessment of Duan's demeanor described the physical aspects of Duan's behavior, and is therefore supported. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). Duan's testimony was inconsistent with his asylum application regarding whether he was arrested alone or with other members of his home church, regarding important details of his alleged beating by police, and regarding the conditions of his release from custody. *See Li v. Ashcroft,* 378 F.3d 959, 962–64

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2004). Duan also displayed a lack of basic knowledge of his Christian religion, despite claiming to have led a Bible study group. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). Finally, in the absence of credible testimony, Duan's lack of corroborating evidence also undermines his claim. *See Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000).

Duan's CAT claim also fails because it is based on the same testimony that the IJ and BIA found not credible, and he points to no other evidence that he could claim the IJ and BIA should have considered. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**